561 F.2d 563
 18 Fair Empl.Prac.Cas. 454
 Thomas YOUNGER, Individually, and on behalf of others
similarly situated, Appellant,
v.
GLAMORGAN PIPE AND FOUNDRY COMPANY, a corporation, Appellee,
Local 2864 of the United Steelworkers of America, AFL-CIO,
an unincorporated association, and the United
Steelworkers of America, AFL-CIO, an
unincorporated association,
Defendants.
Thomas YOUNGER, Individually, and on behalf of others
similarly situated, Appellee,
v.
GLAMORGAN PIPE AND FOUNDRY COMPANY, a corporation, Appellant,
Local 2864 of the United Steelworkers of America, AFL-CIO,
an unincorporated association and the United
Steelworkers of America, AFL-CIO, an
unincorporated association,
Defendants.
Thomas YOUNGER, Individually, and on behalf of others
similarly situated, Plaintiff,
v.
GLAMORGAN PIPE AND FOUNDRY COMPANY, Appellant,
Local 2864 of the United Steelworkers of America, AFL-CIO,
an unincorporated association, Appellee,
United Steelworkers of America, AFL-CIO, an unincorporated
association, Defendant.
Thomas YOUNGER, Individually, and on behalf of others
similarly situated, Plaintiff,
v.
GLAMORGAN PIPE AND FOUNDRY COMPANY, a corporation, Appellant,
United Steelworkers of America, AFL-CIO, an unincorporated
association, Appellee,
Local 2864 of the United Steelworkers of America, AFL-CIO,
an unincorporated association, Defendant.
 Nos. 76-2278 to 76-2281.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 10, 1977.
Decided Sept. 23, 1977.
 
 Randall G. Johnson, Richmond, Va. (Henry L. Marsh, III, William H. Bass, III, Hill, Tucker & Marsh, Richmond, Va., Jerry L. Williams, Danville, Va., Jack Greenberg and Barry L. Goldstein, New York City, on brief), for appellant in 76-2278, appellee in 76-2279.
 John R. Erickson, Washington, D. C. (Francis T. Coleman, Washington, D. C., on brief), for appellee in 76-2278, appellant in 76-2279, 76-2280 and 76-2281.
 John C. Falkenberry, Birmingham, Ala. (Cooper, Mitch & Crawford, Birmingham, Ala., Michael H. Gottesman, Bredhoff, Cushman, Gottesman & Cohen, Washington, D. C., Bernard A. Kleiman, Chicago, Ill., on brief), for appellee in 76-2278, 76-2280 and 76-2281.
 Before WINTER, BUTZNER and RUSSELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 We decide that the district court's final order in this suit, brought under the provisions of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq., to redress alleged discriminatory employment practices, must be vacated and the case remanded for further consideration in the light of controlling Supreme Court decisions announced since the district court's decision.
 
 
 2
 The suit is a class action by black employees and former employees of Glamorgan Pipe and Foundry Co. (Glamorgan) against it and the unions which represent Glamorgan employees in collective bargaining. Plaintiffs' basic claim is that defendants practiced racial discrimination with respect to the compensation, terms, conditions and privileges of employment, promotion and transfer of black employees after the effective date of the Act (July 2, 1965). As set forth in two written opinions, Younger v. Glamorgan Pipe and Foundry Company, 418 F.Supp. 743 (W.D.Va.1976), the district court made a number of basic findings. It found that blacks tend to predominate in Glamorgan's melting, Delavaud finishing and soil pipe finishing departments, and its labor pool. It concluded, however, that "(p)laintiffs failed to show why the situation exists or that the Company intended for it to exist (and) (d) efendants, by the same token, failed to show why the situation exists or that it did not result from racially discriminatory practices, although unintentional." 418 F.Supp. at 761.
 
 
 3
 The district court also found that until 1969 Glamorgan had a job-bidding promotion system which restricted bids for vacancies to employees already employed in the department in which a job opening arose. After 1969, anyone from any department could bid for a vacancy. Since 1965, Glamorgan had company and departmental seniority, and the system is embodied in its collective bargaining agreements. Under the system, an employee accumulates company seniority after the first three months of employment and departmental seniority after the first thirty days of employment in the particular department. A permanent transfer to another department works a forfeiture of departmental seniority in the department from which the transfer is made, and new departmental seniority, of course, does not begin to accumulate until after thirty days of employment in the new department.
 
 
 4
 Although the district court made no finding that defendants practiced racial discrimination in the initial hiring of black employees, it concluded that the class of black employees employed prior to January 1, 1969, in the labor pool or in the melting, Delavaud finishing, or soil pipe finishing departments was entitled to relief under Title VII because Glamorgan's seniority and job-bidding practices froze blacks into the departments in which they predominated until the inception of open bidding and thus discriminated against blacks because of their race. The district court granted injunctive relief and awarded back pay to a number of employees and attorneys fees. Almost all of the parties appeal, raising myriad contentions.
 
 
 5
 Since the district court's determination of liability, the Supreme Court has decided Franks v. Bowman Transportation Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), and International Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). We think that the district court must reconsider its decision in the light of their holdings. To the extent that it relied on Glamorgan's seniority system as perpetuating pre-Act employment discrimination, the district court should give close attention to Teamsters. To the extent that it relied on Glamorgan's seniority system as perpetuating post-Act employment discrimination, the district court should give close attention to Bowman. We call attention to the fact that Bowman and Teamsters both appear to require a finding of initial discrimination in hiring as the premise upon which the operation of a seniority system may be held to be in violation of Title VII. Teamsters also recognizes that such discrimination may be proved by statistical evidence alone, and Teamsters makes clear who has the burden of proof of a prima facie case, how one may be proved and how the burden of proof may shift thereafter.
 
 
 6
 VACATED AND REMANDED.