621 F.2d 96
 25 Fair Empl.Prac.Cas. 1582,
23 Empl. Prac. Dec. P 30,908
 Thomas YOUNGER, Individually and on behalf of others
similarly situated, Appellants,
v.
GLAMORGAN PIPE AND FOUNDRY COMPANY, a corporation, Appellee,
and
Local 2864 of the United Steelworkers of America, AFL-CIO,
an unincorporated association, and the United
Steelworkers of America, AFL-CIO, an
unincorporated association, Defendants.
 
 No. 79-1492.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 4, 1980.
Decided May 9, 1980.
 Randall G. Johnson, Richmond, Va. (Henry L. Marsh, III, William H. Bass, III, Hill, Tucker & Marsh, Richmond, Va., Jerry L. Williams, Danville, Va., Jack Greenberg, New York City, and Barry L. Goldstein, Washington, D. C., on brief), for appellants.
 John R. Erickson, Washington, D. C. (John J. Duffy, Linda A. Schneider, Pierson, Ball & Dowd, Washington, D. C., on brief), for appellee.
 Before RUSSELL and HALL, Circuit Judges, and HADEN, District Judge.*
 PER CURIAM:
 
 
 1
 In this Title VII class action, plaintiffs alleged racial discrimination in virtually every aspect of employment at Glamorgan Pipe and Foundry Company. The case was tried to the court[1] in June, 1972.
 
 
 2
 Despite plaintiffs' many allegations, they prevailed on a single claim. Although plaintiffs failed to show post-Act discrimination in job placement, the statistical evidence showed that blacks tended to predominate in four departments which involved primarily low paying jobs. Further evidence revealed that employees seeking transfer out of any department faced two deterrents: First, the collective bargaining agreement provided that employees having the longest departmental seniority would be given preference within their departments, but transfer to another department resulted in loss of departmental seniority. Second, from 1965 to 1969, posted job bids recited that persons outside the department in which there was a vacancy need not apply. The district court held that the restrictive language in these job bids violated Title VII by freezing blacks in the "undesirable" departments. Younger v. Glamorgan Pipe and Foundry Co., 418 F.Supp. 743 (W.D.Va.1976).
 
 
 3
 On appeal, this court vacated that decision and remanded the case for reconsideration in light of International Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), and Franks v. Bowman Transp. Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), which had been decided by the Supreme Court subsequent to the district court's decision. Younger v. Glamorgan Pipe and Foundry Co., 561 F.2d 563 (4th Cir. 1977). We now review the district court's decision on remand and affirm.
 
 
 4
 Reconsidering the matter under Teamsters, the district court concluded that plaintiffs were entitled to no relief. Younger v. Glamorgan Pipe and Foundry Co., 21 EPD P 30,406, 20 F.E.P. Cas. 776 (W.D.Va., Aug. 8, 1979). The district court held that the restrictive language in the job bids was "part and parcel of the seniority system in effect at the company" and was "in full accordance with a collective bargaining agreement." Rejecting plaintiffs' contention that the seniority system was not "bona fide," the court concluded that under Teamsters the Act had not been violated. See § 703(h) of Title VII; 42 U.S.C. § 2000e-2(h).
 
 
 5
 We think the district court's analysis was both factually and legally correct. Any doubt concerning the court's interpretation of the statutory language of § 703(h) was resolved by the decision of the Supreme Court in California Brewers Association v. Bryant, --- U.S. ----, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980).
 
 
 6
 We find no merit in plaintiffs' remaining contentions concerning discrimination in initial job assignments and selection of supervisors. Accordingly, the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 Charles H. Haden II, United States District Judge, Northern and Southern Districts of West Virginia, at Parkersburg, sitting by designation
 
 
 [1]
 H. E. Widener, Jr., Circuit Judge, sitting by designation